UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IN THE MATTER OF COOPER MARINE     CIVIL ACTION
& TIMBERLANDS CORPORATION, AS
OWNER PRO HAC VICE AND OPERATOR
OF THE BARGE CMT 123, OFFICIAL NO.
1067600, PRAYING FOR EXONERATION
FROM OR LIMITATION OF LIABILITY     14-399-SDD-SCR

## RULING

Pending before the Court is an *Ex Parte Motion for Entry of Default* filed by Complainants-in-Limitation, Cooper Marine & Timberlands Corporation ("Cooper") and GATX Third Aircraft, LLC ("GATX"), wherein they seek entry of default judgment against all non-appearing claimants.[1] The *motion* is unopposed. For the reasons stated herein, the *motion* shall be granted.

### I. BACKGROUND AND RELEVANT PROCEDURAL HISTORY

On June 30, 2014, Complainants, Cooper and GATZ, filed a *Complaint for Exoneration from or Limitation of Liability* pursuant to 46 U.S.C. § 30511 in connection with any and all claims for losses, damages, deaths, injuries, or destruction that allegedly occurred during the operation of the Barge CMT 123 on or about April 8, 2014 on the Mississippi River at or near Blytheville, Arkansas.[2] Complainants have invoked this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and Rule 9(h) of the Federal Rules of Civil Procedure.[3] On July 16, 2014, this Court ordered that

---

[1] Rec. Doc. 41.
[2] Rec. Doc. 1.
[3] According to the *Complaint from Exoneration from of Limitation of Liability*, "Cooper was and now is a corporation duly organized and existing under and by virtue of the laws of Alabama, and the owner pro

1

25597

notice be issued requiring all persons asserting claims with respect to which *the Complaint* seeks exoneration or limitation, to file their respective claims with the Clerk of Court on or before 10:00am on September 2, 2014.[4] Legal notice appeared in *The Advocate* on July 30, 2014, August 6, 2014, August 13, 2014, and August 20, 2014.[5] The period for filing claims has expired. The only claims that have been filed are those of (1) Lauren Vargas, as guardian and next friend to her decedent, Juan Nieves and his surviving children, Juan Nieves, Jr., Maria Nieves, Miranda Nieves, Destiny Nieves, and Amiya Nieves;[6] (2) the Estate of Nicholas Perez Hernandez, Cecilia Hernandez Lopez, Nicky Alejandra Perez Mendez, and Diane Nicole Perez Mendez;[7] and (3) Kassandra Nieves, as personal representative of the estate of Juan J. Nieves, on behalf of the estate of Juan J. Nieves, and on behalf of all surviving heirs, dependents and statutory wrongful death beneficiaries of Juan J. Nieves, including herself as his widowed spouse, and his minor children, Destini Nieves, Maria Nieves, Miranda Nieves, Juan Nieves, Jr., and Amiya Nieves.[8]

## II.  ANALYSIS

Complainants assert that they are entitled to a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Rule 55 permits the Court to enter a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has

---

hac vice and operator of the Barge CMT 123, Official No. 1067600," and "GATX was and now is a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, and the registered owner of the Barge CMT 123, Official No. 1067600." Rec. Doc. 1, p. 1, ¶¶1-2.
[4] Rec. Doc. 2.
[5] Rec. Doc. 9-1.
[6] Rec. Doc. 12.
[7] Rec. Doc. 6.
[8] Rec. Doc. 30.

failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."[9] Rule F(5) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, mandates:

> (5) Claims and Answer. Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule … If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Complainants fulfilled their obligation to publish notice of the limitation proceeding once a week for four consecutive weeks in *The Advocate*, as required by Supplemental Rule F(4). The notice expressly and clearly stated the deadline for filing a claim and/or answer was September 2, 2014, and that a consequence of failing to file a timely claim and/or answer was default. Although the deadline for filing an appropriate response was September 2, 2014, more than five (5) months have passed since the deadline.

The deadline mandated by this Court for filing claims/answers has expired. All potential claimants had more than ample opportunity to otherwise seek leave of court to extend the deadline and file an appropriate responsive. To date, only the following claims have been filed: (1) by Lauren Vargas, as guardian and next friend to her decedent, Juan Nieves, and his surviving children; (2) by the Estate of Nicholas Perez Hernandez, Cecilia Hernandez Lopez, Nicky Alejandra Perez Mendez, and Diane Nicole Perez Mendez, and (3) by Kassandra Nieves, as personal representative of the estate of Juan J. Nieves, on behalf of the estate of Juan J. Nieves, and on behalf herself and their minor children. No other parties have contacted Cooper and GATX, the other

---

[9] Rule 55(a) of the Federal Rules of Civil Procedure.

claimants, or their counsel to express an interest, desire or intent to file a claim and/or answer. Accordingly, the Court finds that under the totality of these circumstances, the *Ex Parte Motion for Entry of Default Judgment* can and should be granted without a hearing.

## III. CONCLUSION

Accordingly, it is hereby ordered that Cooper Marine & Timberlands Corporation and GATX Third Aircraft, LLC,'s *Ex Parte Motion for Entry of Default Judgment* is GRANTED.[10]

It is further ordered that Complainants, Cooper Marine & Timberlands Corporation and GATX Third Aircraft, LLC, be granted judgment against all non-appearing claimants and that, as to these claims only, the Complainants, Cooper Marine & Timberlands Corporation and GATX Third Aircraft, LLC, be exonerated from any further liability.

It is further ORDERED that all persons or entities, other than Claimants (1) Lauren Vargas, as guardian and next friend to her decedent, Juan Nieves, and his surviving children, Juan Nieves, Jr., Maria Nieves, Miranda Nieves, Destiny Nieves, and Amiya Nieves; (2) the Estate of Nicholas Perez Hernandez, Cecilia Hernandez Lopez, Nicky Alejandra Perez Mendez, and Diane Nicole Perez Mendez; and (3) Kassandra Nieves, as personal representative of the estate of Juan J. Nieves, on behalf of the estate of Juan J. Nieves, and on behalf of all surviving heirs, dependents and statutory wrongful death beneficiaries of Juan J. Nieves, including herself, and his minor children, Destini Nieves, Maria Nieves, Miranda Nieves, Juan Nieves, Jr., and Amiya Nieves, are

---

[10] Rec. Doc. 41.

25597

forever barred and foreclosed from asserting claims against Complainants, Cooper Marine & Timberlands Corporation and GATX Third Aircraft, LLC, in connection with any claims that have been or could be asserted as a result of any claimed losses, damages, deaths, injuries, or destruction that allegedly occurred during the operation of the Barge CMT 123 on or about April 8, 2014 on the Mississippi River at or near Blytheville, Arkansas.

Signed in Baton Rouge, Louisiana on <u>March 3, 2015</u>.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**